### NOV. 15, 1926

20168—Adelaide Farmer v. W. B. Rirhmond; motion for Lorain Appeals to iertify. Baird & Vandermark, Elyria, for pltf; F. M. Stevens, E. J. Maple, Elyria, for deft.

20169—Summit County Commissioners v. Trumbull County Commissioners; motion for Trumbull Appeals to certify. E. W. Booth, Akron, for pltf; W. W. Pierson, Warren, for deft.

20170—Community Traction Co. v. Robt. F. Freeman; motion for Lucas Appeals to certify. Tracy, Chapman & Wells, Toledo, for pltf; Deeds & Cole, Toledo, for deft.

20171—United States Fidelity Co. v. Elias Samuels; motion for Mahoning Appeals to certify. Harrington, DeFord, Huxley & Smith, Youngstown, for pltf; H. H. Wickham, Youngstown, for deft.

20165—Laura Glowacki v. North Western Ohio Ry. & Power Co.; motion for Ottawa Appeals to certify. Gordon & Gordon, Cleveland, and Graves & Duff, Port Clinton, for pltf; True, Crawford & True, Port Clinton, for deft.

20166—Arthur H. Kerman v. Bohumil Soukup; motion for Cuyahoga Appeals to certify. E. Beythin, Cleveland, for pltf; Spear, Godfrey & Spear, Cleveland, for deft.

### NOV. 13, 1926

20167—Steve Kmetzko v. State of Ohio; motion for Cuyahoga Appeals to certify. Quigley & Byrnes, Cleveland, for pltf; B. W. Griffith, Cleveland, for deft.

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

**38. ADOPTION.**

Where contract provides that child is to be bound strictly as an apprentice even though he is to reside as a member of the family, the primary object of the contract is the apprenticeship and said child cannot claim that he is an heir when no provision in the contract exists which binds the parties to make said child an heir or invests him with the right of a natural born child with respect to property devised by will or coming by' way of descent and distribution. Sisson v. Irish. OA. 4 Abs. 768.

**85. APPEALS.**

An appellant, under 12227 GC. is relieved from giving a bond only when he is a party in a trust capacity or is a county treasurer. Sunday Creek Coal Co. v. Big Bailey Min. Co. OA. 4 Abs. 769.

**191. BURDEN OF PROOF.**

1. Where plaintiff claims to have been of unsound mind at time cause of action accrues, so as to suspend the statute of limitations as provided by 11229 GC.; and defendant denies said claim, burden of proof is upon plaintiff to show that he suffered from some mental derangement restraining him from asserting and protecting his rights.

2. Such an issue is to be determined by the jury as any other issue of fact in the case. Bowman et v. Lemon. OS. 4 Abs. 773.

**206. CARE.**

1. Where a prospective passenger awaits the car of an interurban electric line at an established stop and upon its coming into view, walns toward the tracks for the purpose of boarding the car, such passenger has a right to assume that the car will stop for him, unless it was apparent to him, in the exercise of ordinary care, that it would not stop.

2. The company owes a prospective passenger a duty to exercise ordinary care to stop its car and to permit him to enter, upon discovery that he approaches the car for that purpose. Lake Shore Ry. Co. v. Ordway, Admr. OA. 4 Abs. 763.

**225. CHARGE TO JURY.**

Refusal of court to charge oral requests containing more than one proposition of law is not error. Central Cas. Co. v. Fleming. OA. 4 Abs. 767.

**333. CRIMINAL LAW.**

Is it error for the court, in a murder trial, to allow admissions of other crimes on ground that they show motive? Lyon v. State. OS. Pend. 4 Abs. 772.

**448. ELECTIONS.**

Section 5004 GC. not in conflict with sec. 13, Art. IV, or Sec. 2, Art. XVII of Ohio Constitution. State ex Dean v. Hall. OS. 4 Abs. 773.

**465. ERROR.**

Is it error when judgment on verdict is on two counts, one of first degree murder, the other, murder while committing robbery, on theory that murdered man was an officer trying to arrest him and malice could not be predicated on second count? Lyon v. State. OS. Pend. 4 Abs. 772.

**480. EVIDENCE.**

Conversations between deceased and insurance company's agent are competent to show whether contract preliminaries were entered into when insurance is based on oral agreement and application afterwards signed is supposed to contain said agreement. Central Cas. Co. v. Fleming. OA. 4 Abs. 767.

**485. EXECUTORS & ADMINISTRATORS.**

Proceeding against an executor or administrator to collect and account for proceeds of fund in his hands is a special proceeding and does not come under the four year limitation imposed by the Code of Civil Procedure. State v. Steeley. OA. 4 Abs. 763.

**505a. FALSE IMPRISONMENT.**

Where defendant had the plaintiff imprisoned without legal proceedings and in so doing acted wantonly, without probable cause and in reckless disregard of plaintic's rights; and plaintic was released by reason of defendant's failure to institute legal proceedings, the jury may award plaintiff exemplary damages even though the defendant was not actuated by malice in the sense of ill will or evil design. Nappi et v. Wilson. OA. 4 Abs. 766.

**515a. FEDERAL COURTS.**

Jurisdiction of federal courts in cases in which federal courts of equity have heretofore assumed jurisdiction, cannot be controlled or limited by state legislation. McGarry et v. Lentz et. US. App. 4 Abs. 771.

**555. FRATERNAL ASSOCIATIONS.**

State statutory provisions, limiting the rights of members of a fraternal benefit society, becomes a part of the contract of membership and they control in defining such members rights. McGarry et v. Lentz et. US. App. 4 Abs. 771.

**573. GIFTS.**

1. Where delivery of bank books and signed withdrawal slips is made by decedent in apprehension of death, this is sufficient to constitute a valid gift without an assignment or transfer in writing.

2. Where statement made by decedent is not accompanied by any condition or contingency, such as death; and on trial the interpreter unwittingly connects the dcedent's statement with the coningency of death immediately following her illness, this descrepancy in no way destroys the legal effect of a gift, but only ascribes to the transaction an element belonging to gifts causa mortis or gifts inter vivos. Saba, Admr. v. Cleveland Tr. Co. OA. 4 Abs. 764.